IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: MARK ALAN FROST, Debtor | BANKRUPTCY CASE NO. 09-54674-RBK |

| | |
|---|---|
| MARK ALAN FROST | APPELLANT |
| v. | CAUSE NO. 5:11-CV-719-LG |
| MARY K. VIEGELAHN, Trustee | APPELLEE |

## MEMORANDUM OPINION AND ORDER
## AFFIRMING DECISION OF THE BANKRUPTCY COURT

BEFORE THE COURT is the bankruptcy appeal of Debtor Mark Alan Frost. Frost challenges the ruling of the Bankruptcy Court that some of the proceeds from the sale of his homestead were no longer exempt, but were property of the bankruptcy estate. The issues have been fully briefed. After due consideration of the parties' arguments, the record, and the relevant law, it is the Court's opinion that the decisions of the Bankruptcy Court should be affirmed.

FACTS AND PROCEDURAL HISTORY

As allowed by Federal and Texas law, Frost identified his property in Cibolo, Texas, as his homestead in a 2005 Chapter 13 bankruptcy petition. Texas Property Code section 41.001(a) provides that a homestead is "exempt from seizure for the claims of creditors." During the pendency of the proceedings, he incurred other debt, arguably secured by the property. He received a bankruptcy discharge on June 2, 2009.

Six months later, on November 30, 2009, Frost filed a second Chapter 13 bankruptcy petition. He once again claimed the Cibolo property as his homestead. While this bankruptcy case was proceeding, Frost sought permission to sell his homestead, free and clear of liens. Although a homestead is exempt from the claims of creditors, if it is sold, the proceeds must be reinvested in another homestead within six months to remain exempt. Tex. Prop. Code Ann. § 41.001(c) ("proceeds of a sale of a homestead are not subject to seizure for a creditor's claim for six months after the date of sale."). The Trustee objected to Frost's request to the extent that, should Frost not reinvest the sale proceeds into a new homestead within six months, the sale proceeds would no longer be exempt but should be paid into the Chapter 13 Plan to increase the base available to pay creditors.

The bankruptcy court authorized the sale, requiring that the proceeds be deposited with the Trustee pending further orders regarding the "validity, priority and extent" of asserted "liens and interests." (Appellee's Br. App. 5). On January 3, 2011, the bankruptcy court allowed a disbursal of $40,000 of the net proceeds of $81,108.67 from the sale, because no more than $41,108.67 would be necessary to fully fund Frost's plan. (Appellee's Br. App. 7).

The bankruptcy court's final order regarding the Trustee's objections to the sale of Frost's homestead was entered May 11, 2011. The court concluded that the net sale proceeds of $81,108.67 would be exempt for six months from January 27, 2011 (the date of the hearing on the Trustee's motion), and remain exempt if reinvested in a homestead. (Appellee's Br. App. 8). But the court also found that

-2-

Frost had spent $23,000 of the $40,000 disbursed to him, and necessarily could not reinvest those funds in another homestead. Therefore, the court ordered that the $23,000 was property of the bankruptcy estate, and would be added to the plan to increase the base. Frost appeals this final order. His issues on appeal are:

> 1. Whether the bankruptcy court erred in finding that the homestead sale proceeds not reinvested in a homestead within six months from the date of sale lose their exempt status.
>
> 2. Whether the court erred in finding that the homestead sale proceeds not reinvested in a homestead after six months were property of the estate under 11 U.S.C. 541.
>
> 3. Whether the court erred in finding that the homestead sale proceeds not reinvested in a homestead after six months were property of the estate under 11 U.S.C. 1306.
>
> 4. Whether the court erred in holding that the Debtor's use of $23,000 for purposes other than reinvestment in a homestead caused that amount of proceeds to lose its exempt status, and increased the base plan.
>
> 5. Whether the court erred in sustaining the Trustee's Objection to the Motion to Sell Real Property Free and Clear of All Liens and Interests filed March 3, 2010.

Frost states that his issue number five above is subsumed within the first four issues, and therefore he has not separately addressed it. The Court finds that the first four issues are different statements of the same issue; whether Frost's failure to reinvest the proceeds from the sale of his homestead within six months caused them to lose their exempt status and become property of his Chapter 13 bankruptcy estate.

-3-

DISCUSSION

When a debtor files a Chapter 13 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate, *see* 11 U.S.C. §§ 541, 1306, subject to the debtor's right to reclaim certain property as exempt, § 522(l). The Bankruptcy Code specifies the types of property debtors may exempt, § 522(b), as well as the maximum value of the exemptions a debtor may claim in certain assets, § 522(d). Texas debtors may elect either the federal or state exemptions. *In re Walden*, 12 F.3d 445, 448 (5th Cir. 1994). Property a debtor claims as exempt will be excluded from the bankruptcy estate "[u]nless a party in interest" objects. § 522(l).

Frost argues that the Supreme Court case of *Schwab v. Reilly*, 130 S. Ct. 2652 (2010) is applicable to his issues and stands for the proposition that it is the dollar value of the property or the debtor's interest in the property that is exempted. Once the exemption is final, that dollar value cannot be brought into the bankruptcy estate. Although this is a fair characterization of the *Schwab* case, the analysis does not apply in this case. Unlike the debtor in *Schwab*, Frost did not claim the federal exemption at 11 U.S.C.A. § 522(d) for his homestead.[1] Frost

---

[1] 11 U.S.C. 522(d) provides:

The following property may be exempted under subsection (b)(2) of this section:

(1) The debtor's aggregate interest, not to exceed $21,625 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that

-4-

claimed the more favorable Texas homestead exemption. When a debtor elects to claim an exemption under Texas statutes, the court must look to state law for an interpretation of homestead exemption rights. *In re Cate*, 170 B.R. 582, 583 (Bankr. N.D. Tex. 1994). The Texas statutes do not exempt interests in property, but rather the property itself. Texas Property Code § 41.001 allows a debtor to exempt "a homestead," which is defined by § 41.002 as consisting of, in most cases, "not more than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon." There is no monetary value limit.

The Texas homestead exemption statute also contains a limitation: "The homestead claimant's proceeds of a sale of a homestead are not subject to seizure for a creditor's claim for six months after the date of sale." TEX. PROP. CODE ANN. § 41.001(c). This provision is the basis for the bankruptcy court's decision that the un-reinvested sale proceeds became part of Frost's estate.

In his argument that the bankruptcy court's decision was in error, Frost cites to another bankruptcy court's opinion holding that the six-month limitation in § 41.001 does not affect proceeds from the sale of a Chapter 7 debtor's homestead. *Reed v. Lowe*, 184 B.R. 733 (Bankr. W.D. Tex. 1995). The *Reed* court examined federal bankruptcy statutes and reached the conclusion that the transformation of exempt property during Chapter 7 bankruptcy proceedings would have no effect on its exempt status - it was forever immunized against any liability for prepetition

---

the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

-5-

debts. *Id.* at 738.

However, the Fifth Circuit has rejected this approach, and requires that the court look to all the law and the facts that exist on the day the debtor filed the bankruptcy petition. In *In re Zibman*, 268 F.3d 298 (5th Cir. 2001), the Chapter 7 debtors failed to invest the proceeds from the sale of their homestead into another homestead within the six month period. The Fifth Circuit held that any exemption of the proceeds "evanesced by operation of law" at the end of six months. *Id.* at 305.

> [I]t is the entire state law applicable on the filing date that is determinative. . . . "freezing" the exemption for the proceeds simply because it was in effect at the date the petition was filed, effectively read the 6-month limitation out of the statute, and transformed an explicitly limited exemption into a permanent one.

*Zibman*, 268 F.3d at 304. The court reiterated its earlier pronouncement that "the object of the [Texas] exemption statute was *solely* to allow the claimant to invest the proceeds in another homestead, *not to protect the proceeds, in and of themselves.*" *Id.* at 305 (quoting *In re England*, 975 F.2d 1168, 1174-75 (5th Cir. 1992) (emphasis in original)). Thus, if Frost wishes to use the Texas homestead exemption statute, all of the provisions of the statute apply, including the six-month limitation on the exemption for proceeds.

Frost argues that because the homestead property was never property of the estate, the proceeds are also not property of the estate. However, in Texas, real property "or proceeds from the sale of property may be subject to seizure if the property ever ceases to be the debtor's homestead." *In re Davis*, 170 F.3d 475, 483

-6-

(5th Cir. 1999). Texas homestead rights may be lost through alienation when title to the property is transferred or conveyed to another. *In re Perry*, 345 F.3d 303, 310 n.8 (5th Cir. 2003). If the debtor retains the property as his homestead until he sells it, unless the debtor reinvests the proceeds of the sale in another homestead within six months from the date of sale, the proceeds are subject to seizure by creditors. *Davis*, 170 F.3d at 483 n.10 (citing *Sharman v. Schuble*, 846 S.W.2d 574, 576 (Tex. Ct. App.-Houston [14th Dist.] 1993); Tex. Prop.Code § 41.001(c)). "Even during this six month window, if the debtor purchases a new homestead, any remaining proceeds from the sale of the first homestead are instantly rendered non-exempt." *Id.* (citing *In re England*, 975 F.2d 1168, 1174 (5th Cir. 1992)).

It therefore appears that the bankruptcy court in this case properly applied controlling law in determining that $23,000 of Frost's homestead sale proceeds became part of the bankruptcy estate when they were spent and not reinvested in another homestead. The order of the bankruptcy court should be affirmed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the bankruptcy court's Final Order Regarding Trustee's Objection to Debtor's Motion to Sell Real Property Free and Clear of All Liens and Interests Filed March 3, 2010, is **AFFIRMED**. This appeal is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 9th day of July, 2012.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE